Turning to the next case on our calendar, it's a pro se petitioner, Nicholas Pimentel, who was arguing by telephone. Mr. Pimentel, are you there? Mr. Pimentel? Yes. Are you there? Yes, Your Honor, I'm here. Yes, Your Honor, I'm here. Okay, good. You have five minutes. Okay, sure. You may proceed. Okay. So, well, just as a rhetorical question, I'd like to preface this argument with a rhetorical question that's been a pattern throughout this litigation. Where are the defendants? Where are the opposing counsel? Why aren't they here to defend the merits of plaintiff's claim? They're perfectly on their pages. They don't have to come. Okay, I understand, Your Honor, but the point that I was trying to make was that it's very simple and transparent that defendants and opposing counsel, they don't have any meritorious arguments or defenses to justify their client's violations of plaintiff's Title VII, FMLA, failure to pay wages, failure to pay overtime wages, false imprisonment, et cetera. So, the reason why plaintiff was appealing is because plaintiff's entitled to summary judgment as a matter of law. Defendants failed to object or oppose plaintiff's Rule 56 motion in the district court. Defendants never made any arguments or objections in the district court to plaintiff's claims or any of the merits of plaintiff's claims, or to even address any of the merits of plaintiff's claims. Defendants refused to communicate with plaintiff in good faith, failed and refused to go to mediation, to ever attempt to even settle the case. Therefore, what other choices or options did a pro se plaintiff have but to file a summary judgment motion that defendants never responded to because they know they're guilty? Now, let the never objected or never raised any genuine material facts in dispute or in opposition to plaintiff's motion for summary judgment. Defendants never opposed plaintiff's motion to strike their affirmative defenses or gave any reason as to why they refused and defaulted on the case. Mr. Pimentel, as I read the record, you made a motion for summary judgment before discovery was complete. Isn't that correct? Yes, that is, Your Honor. All right, continue. Okay, so defendants, well, Your Honor, and to just answer your question, on February 7, 2019, there was a hearing. Defendants admitted in open court on the record, and there's a transcript, that they defaulted on approximately 1,300 requests for admissions. So anyways, moving along, defendants never even bothered to even deny any of the undisputed facts that were of the approximate 1,300 requests for admissions. Defendants never objected the plaintiff's request to amend his complaint. Also, Your Honor, plaintiff's Rule 56 motion was unopposed. Defendants never even raised any material facts that were in dispute. So according to the Supreme Court in Anderson v. Liberty Lobby, the trial judge's only function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine where there is a genuine issue for trial. Well, defendants never raised any genuine issues for trial. The trial judge's reason or contextual reason for denying plaintiff's motion for summary judgment was that plaintiff needed more discovery. However, here's where the problem begins. Defendants violated every court order to produce discovery, and defendants would not produce any discovery or would not participate in discovery. So therefore, defendants can't have it both ways. They can't say on appeal, oh, well, plaintiff is not entitled to summary judgment because there was no, he needs more discovery, but yet refused to produce any discovery, and they violated every court order to produce discovery. So therefore, plaintiff has over around approximately 1,300 requests for admissions on file that were admitted under Rule 36. The Second Circuit has upheld motions for summary judgment and affirmed motions for summary judgment based on default admissions under Rule 36. Defendants also failed to provide a privilege log. Therefore, all defendants' privileges are waived as well. And so basically, plaintiff is requesting that this court grant plaintiff's motion for summary judgment as to vacate the order of dismissal, remand his case for jury trial and damages, and allow plaintiffs to proceed with amending his complaint and adding his New York State false imprisonment and defamation claims against Delta Airlines. Because not only was plaintiff defamed during the time of his employment, but after, and even to this day, after he was terminated, as defendants told future employers, lies about why plaintiff was terminated. Your time has expired. Do you want to say in conclusion? Oh, well, yeah, in conclusion, I just wanted to thank you all for your time, and that hopefully plaintiff's case is remanded for trial for damages. But also, your honor, may I have, your honor? Yes. Oh, may I have one minute? Because I had one other case, 19-2499. And I just wanted to say one quick thing about that case, because I never addressed that. Yes, you may have one minute. All right, your honor. So in 19-2499, basically, it's a class action lawsuit. And now the basic issue here is that they didn't have to pay the plaintiff and class members because of Railroad Act. However, plaintiff and class members had a employment contract with Delta Airlines, where they promised to pay overtime wages over 40 hours. So the Railroad Act argument is invalid because there was an employment contract. So I would just like that issue to be reviewed. Thank you. Thank you, Will. Thank you, will reserve decision. I will ask the clerk now to adjourn court.